## FAILURE OF BEQUEST TO CHURCHES—DISPOSITION THEREOF.

### Circuit Court of Medina County.

J. ANDREW, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MARY JOHNSON, DECEASED, v. ERNEST KLING ET AL.

Decided, September 26, 1910.

*Will—Construction Of.*

A bequest of "all my personal property of every kind whatsoever, except what is hereinafter by this will disposed of to other parties," does not carry with it money in the bank bequeathed by a subsequent clause of the will to two churches, which by reason of the statute against bequests within a year of testator's death, can not take thereunder.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff filed his petition under the statute, setting out that he is the executor, duly appointed, qualified and acting, of the last will and testament of Mary Johnson, deceased; that a considerable amount of money is in his hands for distribution as such executor, and his prayer is that the court construe the will of the deceased and direct him in the disposition of this money. The facts are not in dispute and are substantially these:

Mary Johnson died in Medina county, Ohio, on the 8th day of June, 1909. On the 5th day of June, 1909, she executed a last will and testament, which has been duly admitted to probate, and of which the plaintiff is the executor.

The first, second, third, fourth and fifth items of said will are in the following words:

"First.   It is my will that all my just debts and funeral expenses be first paid.

"Second.   It is my will and I hereby give and bequeath to my beloved friend, Mary Yocum of Medina, Ohio, all my personal property of every kind whatsoever, except what is hereinafter by this will disposed of to other parties.

"Third.   It is my will and I hereby bequeath to my beloved friend Lizzie Miller my family Bible, the one that I brought from England.

"Fourth.   It is my will and I hereby give and bequeath to my beloved friend Martha Marbach my gold ring, the one that I wear and also my silk quilt.

"Fifth.   It is my further will and I hereby give whatever money I have in the bank (after paying my funeral expenses and all other debts and valid claims against me) as follows: one-half thereof to the Church of Christ (formerly known as the Disciple Church) of Brunswick, and the balance to the Baptist Church of Medina; that is I want my money in said banks equally divided between said Disciple Church of Brunswick and the Baptist Church of Medina, share and share alike."

The only heir at law of the deceased at the time of her death was the defendant, Clara E. Kling. She is a great granddaughter of the testator and is now some two or three years of age. Shortly before the death of the testator, Clara May Kling, who was the mother of the said Clara E. Kling, and who was herself a granddaughter of the testator, died. In April, 1909, while Clara May Kling was still alive, the testator purchased, paid for, and caused to be deeded to the said Clara May Kling and her husband, Ernest J. Kling, a home in the village of Medina, for which she paid $2,400.

The property of the testator at the time of her death consisted exclusively of about $50 and about $3,800 which was deposited in one or more of the banks of the village of Medina. It will be noticed that the will was executed much less than one year before the death of the testator, indeed only three days before her death; by reason of this the attempted bequests to the two churches named are invalid, under Section 5915 of the Revised Statutes of Ohio, and the question to be determined here is to whom shall the executor make payment of the money remaining in his hands, the chattels being disposed of, as directed in the

will? The executor makes no claim as to either of the parties, but simply, as already said, asks the direction of the court.

Mary Yokum was represented by counsel on the hearing, as was also the infant, Clara E. Kling. The claim made on behalf of Mary Yokum is that the second item of the will is in effect a general residuary clause, and that by reason of the language there used, to-wit, "I hereby give and bequeath to my beloved friend Mary Yokum, of Medina, Ohio, all my personal property of every kind whatsoever, except what is hereinafter by this will disposed of to other parties" is to be read as though the word "effectually" followed the word "is," so that it would give to Mary Yokum all that is not effectually bequeathed elsewhere. This claim is, as we view the case, entirely in accord with the holding of this court in the case of *Davis, Executor,* v. *Hutchins,* 15 Cir. Ct., 174. The holding of the court in that case was in accordance with authorities cited and quoted in the opinion. The judgment in that case, however, was reversed in the Supreme Court, as reported in the 62d Ohio State at page 411, where the title of the case is given as *Davis* v. *Davis, Executor, et al.*

When this case was being heard it was suggested that the Supreme Court had itself reversed itself or its holding in this case in a later case. On examination, however, it is found that this is a mistake, and that in a later case growing out of the settlement of the same estate, under the same will, in which the Supreme Court also reversed this court, it later in another case in effect reversed that holding. The question, however, involved in the case last mentioned, is in no wise affected by the question involved in the case of *Davis, Executor,* v. *Hutchins,* reported in the 62d Ohio St., 411. We regard that holding as settling the question raised here, in favor of Clara E. Kling, and we might content ourselves with saying nothing more. However, we are disposed to give some of the reasons why this case should be decided as already said rather than to leave it upon the decision of *Davis* v. *Davis, Executor, supra.*

With some reason it can be said that the testator evidently felt that she had done what she ought and all that she ought for her granddaughter, Clara May Kling, by presenting to her the home, of which mention has already been made, and that

the infant child of her granddaughter could have no greater claim upon her than the mother of such infant. That she did not therefore intend to make any further provision for the Kling family is perfectly clear by the terms of the will. She made no further provision for them in the will, nor did she intend to make any further provision for them, and she doubtless thought that she had done for them all that she reasonably ought to do. But it seems equally manifest that she did not intend to make any provision for Mary Yocum other than to give her the household furniture, not so much for its money value, as a token of the friendship which she entertained for her. She gave to her all of her personal property, except *something*. What did she except? What did she mean to except? Clearly the Bible, the ring and the silk quilt mentioned in the third and fourth items of the will. It seems to us equally clear that she meant to except the money in the bank. If she did mean to except it and the will is to be carried out in accordance with her clear intention, then Mary Yocum is not entitled to this money and it leaves this situation:

That as to the money, since it can not go to the churches as the testator desired that it should, there is nothing in the will to indicate what she did desire to have done with it in the event that the churches could not take it.

Of course the testator supposed that the churches could and would take it. In this she was wrong, dying as she did within the year, and so this part of her property is left without any indication by the testator as to what she wanted done with it under the circumstances as they now exist, and which she did not forsee. That being so, the law determines where it shall go, to-wit, to the next of kin. The defendant, Clara E. Kling, is such next of kin, and the order of the court is that as to what there is of this money for- distribution, it be paid to Clara E. Kling, or rather to the duly appointed guardian of her property.

The costs of this proceeding will be paid by the executor out of the estate.